**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Long, the surviving father of Cynthia Jo Johnson, deceased, as Guardian and/or next best friend of minors, Christopher Dean Johnson and Sean McKnight; Cherish Leighan Rogers,<br><br>Plaintiffs,<br><br>vs.<br><br>TRW Vehicle Safety Systems, Inc., a foreign corporation,<br><br>Defendant. | No. CV-09-2209-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant TRW Vehicle Safety Systems, Inc.'s motion to dismiss on res judicata grounds. The motion is fully briefed. Dkt. ##16, 19. For the reasons stated below, the Court will deny the motion.[1]

**I.  Background.**

On June 19, 2005, Plaintiffs were passengers in a 2003 Ford Explorer XLT that was involved in a rollover accident after the tread separated from the vehicle's right rear tire. On June 18, 2007, Plaintiffs and several other passengers filed suit against Ford Motor Company

---

[1] The requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 and Continental Tire North America in Maricopa County Superior Court, alleging negligence
2 and strict products liability. Plaintiffs later amended the complaint to join TRW Automotive
3 U.S. ("AUS") as a defendant and to add a strict products liability claim to the complaint for
4 the vehicle's seatbelt systems. The case was removed to the district court and assigned to
5 Judge Teilborg. *See Long v. Ford Motor Co.* (*Long I*), No. CV07-2206-PHX-JAT (D. Ariz.
6 Nov. 14, 2007).

Judge Teilborg entered a scheduling order and set a deadline for amendments to the complaint of March 15, 2008. *Long I*, Dkt. #26 at 2. On November 26, 2008, more than eight months after the deadline to amend had expired, Plaintiffs filed a motion requesting a modification of the deadline and leave to amend the complaint. *Long I*, Dkt #84 at 2. Plaintiffs sought leave to remove AUS as a defendant and replace it with TRW Vehicle Safety Systems, Inc. ("VSSI"). *Id.* at 3. Plaintiffs claimed that VSSI was the actual manufacturer of the faulty seatbelt system and thus the proper defendant in the suit. *Id.* Judge Teilborg found that Plaintiffs had knowledge, long before the deadline to amend, that VSSI, and not AUS, manufactured the seatbelt system. *Long I*, Dkt. #101 at 6. Judge Teilborg further found that Plaintiffs' decision not to amend the complaint and join VSSI prior to the deadline was "tactical." *Id.* Thus, Plaintiffs did not have good cause to amend the complaint after the deadline and the motion to amend was denied. *Id.* at 7.

Plaintiffs subsequently moved to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2). *Long I*, Dkt. #102 at 1-2. Judge Teilborg granted Plaintiffs' motion and, over AUS's objections, dismissed the complaint without prejudice. *Long I*, Dkt. #105 at 1-3.[2]

Several weeks after the dismissal of *Long I*, on August 19, 2009, Plaintiffs filed a new

---

[2] Defendants Ford Motor Company and Continental Tire North America were dismissed from *Long I* with prejudice after entering into settlement agreements with the Plaintiffs. *Long I*, Dkt. ##64 at 1-2, 93 at 2. Accordingly, AUS was the sole remaining defendant when the Court entered its order dismissing the complaint without prejudice. *Long I*, Dkt. #105 at 1.

1  complaint in Maricopa County Superior Court against VSSI, alleging strict products liability,
2  negligence, and wrongful death. The complaint arose from the same June 19, 2005 rollover
3  accident. VSSI removed the complaint to this Court on October 21, 2009. Dkt. #1 at 2.
4  Defendant VSSI now moves to dismiss the complaint (Dkt. #1-1 at 5-11) on res judicata
5  grounds. Dkt. #10 at 6.

**II.     Discussion.**

Defendant argues that Judge Teilborg's denial of Plaintiffs' motion for leave to amend and the subsequent voluntary dismissal of *Long I* constitute res judicata for the current claims. Defendant contends that, although the merits of the claims against AUS were never formally litigated in *Long I*, Plaintiffs' failure to join VSSI when they had the opportunity effectively waived any future claim against VSSI based on the same cause of action. Defendant characterizes Plaintiffs' failure to join VSSI in *Long I* as the failure to bring a claim that could have been tried with existing claims in that case. Therefore, according to Defendant, Judge Teilborg's dismissal of *Long I* without prejudice and the corresponding lack of judgment on the merits against VSSI become inconsequential. At bottom, Defendant argues that Plaintiffs missed the boat in *Long I* and cannot now rectify their tardiness by bringing the current claim against VSSI.

Plaintiffs counter that *Long I* is not res judicata because *Long I* was dismissed without prejudice. Plaintiffs acknowledge that the Court denied their motion for leave to amend, but argue that the denial does not foreclose future litigation, particularly when the underlying claim was dismissed voluntarily and without prejudice. Moreover, Plaintiffs contend that there is no identity between this claim and the claims in *Long I* because this action requires a different body of evidence than would have been required to prevail against the defendants in *Long I*. Finally, Plaintiffs argue that there is no privity between AUS and VSSI, so any adjudication against AUS has no bearing on Plaintiffs' ability to later bring suit against VSSI. Plaintiffs' arguments are well taken.

**A.     Res Judicata (Claim Preclusion).**

Res judicata bars all claims "which could have been asserted, whether they were or

not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a final judgment on the merits." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980). Thus, to bar claims under this doctrine, the moving party must show that (1) the initial and subsequent suits involve the same claims or causes of action, (2) both suits involve the same parties or their privies, and (3) the initial suit resulted in a final judgment on the merits. *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009); *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Defendant must satisfy each element for the doctrine to apply. *See Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002). Defendant has not satisfied its burden on the last two elements.[3]

### 1. Same Claim or Cause of Action.

There is no question that this suit arises from the same cause of action as *Long I*. The facts alleged in the *Long I* complaint are nearly identical to facts alleged in the complaint before this Court. Each complaint is based on the 2003 Ford Expedition XLT, the defective right rear tire, the defective seatbelt system, and the rollover accident of June 19, 2005. *Compare* Dkt. #1 at 5-13, *with Long I*, Dkt. #1 at 6-14. Additionally, the legal claims asserted – negligence and strict liability – are identical. In fact, Plaintiffs admitted in their motion for leave to amend that the causes of action against AUS and VSSI are identical. *See Long I*, Dkt. #84 at 10. Despite Plaintiffs' current argument to the contrary, this is the same cause of action as *Long I*.

### 2. Same Parties or Privies.

The general rule is that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell*, --- U.S. ---, 128 S. Ct. 2161, 2171 (2008) (internal quotations

---

[3] Plaintiffs cite *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001), for the proposition that Arizona res judicata law applies because the Court sits in diversity jurisdiction and the underlying claims are based on state law. Dkt. #16 at 3-4. The Court need not decide this issue. Even under the broader and more inclusive federal claim preclusion doctrine, Defendant has not met its burden.

omitted). Clearly, VSSI was not a party in *Long I*.

Even a non-party may be bound by the preclusive effect of a final judgment, however, if that non-party had a "sufficient interest and participated in the prior action." *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980). Previously, this Circuit adopted a theory that allowed a party to be the "virtual representative" of a non-party, thus binding the non-party to the result of the suit. *See Kourtis v. Cameron*, 419 F.3d 989, 996 (9th Cir. 2005). *Taylor* rejected virtual representation, 128 S.Ct. at 2167, 2170 n.3, and instead laid out six exceptions to the general "same parties" rule, *id*. at 2172. Non-parties may now be bound by a judgment where (1) the non-party agreed to be bound, (2) there is a "substantive legal relationship" between the party and non-party, (3) the non-party is adequately represented by a party to the suit, (4) the non-party assumes control of the litigation prior to judgment, (5) the non-party later brings the same suit as the "designated representative" of a party bound by the initial judgment, or (6) a statute specifically imposes claim preclusion on non-parties. *Id.* at 2172-73.

Exceptions (1), (4), (5), and (6) clearly have no application to this case. Exception (2) does not apply because there is no "substantive legal relationship" between AUS and VSSI despite the fact that the two entities are affiliated. Property rights form the primary basis of exception (2), which includes "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor." *Id.* at 2172; *see also Richards v. Jefferson County*, 517 U.S. 793, 798 (1996) (suggesting privity would apply between trustee and beneficiary or guardian and ward). Defendant has provided no evidence that any type of fiduciary relationship – the hallmark of the property interests discussed above – existed between the parties or that AUS was concerned about VSSI's property interests. Instead, the record reflects the opposite. AUS contended throughout *Long I* that some other TRW entity manufactured the seatbelt system and thus was the proper defendant to that suit. *See* Dkt. #11 at 47. This type of contention makes clear that AUS was more concerned with being dismissed from *Long I* than protecting the property interests of its affiliate.

Exception (3) fails because AUS did not adequately represent VSSI in *Long I*. Again,

throughout *Long I*, AUS claimed that it did not manufacturer the 2003 Ford Expedition's seatbelt systems and that some other TRW entity did. Dkt. #11 at 47. Moreover, AUS never litigated the merits of the case, so it could not have provided adequate representation for VSSI.

In summary, this case does not fall within any *Taylor* exception to the "same party" requirement. VSSI therefore is not bound by the result of *Long I*.

### 3. Final Judgment on the Merits.

Claim preclusion also fails because *Long I* did not produce a final judgment on the merits. A final judgment "is the opposite of a dismissal without prejudice." *Semtek*, 531 U.S. at 505 (internal quotations omitted). It is true that a dismissal with prejudice can constitute a final judgment on the merits, *see Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), and even that claims not adjudicated on the merits can be precluded if they could have been included in a final judgment, *Clements v. Airport Authority*, 69 F.3d 321, 327 (9th Cir. 1995) ("Assuming the basic requirements of claim preclusion are met, certain unlitigated claims merge with the prior judgment in the case."). But this rule assumes that at least some claims arising were adjudicated on the merits. *See Mpoyo*, 430 F.3d at 988 (noting that plaintiff's unlitigated claims were barred because "the remainder of the claims . . . were decided on the merits"); *Clements*, 69 F.3d at 327 ("[C]ertain unlitigated claims merge with the prior judgment in the case.").

The claims against AUS in *Long I* were never adjudicated on the merits. They were dismissed without prejudice. *Long I*, Dkt. #105 at 3. Indeed, Judge Teilborg's order not only rejected AUS's argument that Plaintiffs' voluntary dismissal should be with prejudice (Dkt. #11 at 59), but also explicitly contemplated that Plaintiffs might again bring suit against AUS for claims arising out of the same cause of action (*id.* at 60 n.3). VSSI concedes that Plaintiffs preserved their right to again bring suit against AUS. Dkt. #19 at 4. Obviously, if *Long I* was not adjudicated on the merits and does not bar Plaintiffs from bringing a new suit against the sole remaining defendant in that litigation, it certainly does not bar Plaintiffs from bringing a new suit against a non-party to that litigation.

- 6 -

Defendant's theory that the unlitigated claims against VSSI merge with the claims against AUS is misplaced. Each case cited in support of the merger argument resulted in a final adjudication on the merits. *See Int'l Union of Operating Engineers-Employers Constr. Indus. Pension v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (reviewing preclusive effect of dismissal with prejudice); *McClain v. Apodaca*, 793 F.2d 1031, 1032-33 (9th Cir. 1986) (same); *Flynn v. State Bd. of Chiropractic Examiners*, 418 F.2d 668, 668 (9th Cir. 1969) (reviewing preclusive effect of state court adjudication on the merits); *Reilly v. Charles M. Brewer Ltd. Profit Sharing Plan & Trust*, No. 2-06-CV-02861, 2007 WL 3462592, at *2 (D. Ariz. Nov. 14, 2007) (reviewing preclusive effect of district court judgment the merits).[4] Moreover, if the claims Plaintiffs brought in *Long I* were not adjudicated on the merits, the claims the Plaintiffs could have brought would have nothing to merge with. Without an initial adjudication on the merits, there is no possibility for merger.

**B.     Circumventing Denial of Leave to Amend.**

Defendant argues that the Court should prohibit Plaintiffs' claims against VSSI because Plaintiffs otherwise would be allowed to circumvent the denial of leave to amend in *Long I*. *See* Dkt. #11 at 46-52. Defendant relies in part on *Estrada v. City of San Luis*, No. CV-08-0945-PHX-DGC, 2008 WL 3286112 (D. Ariz. Aug. 7, 2008). In *Estrada*, the plaintiffs commenced an action alleging multiple claims against multiple defendants. *Id.* at *2-3. The Court dismissed several of the plaintiffs' claims and several defendants pursuant to motions under Federal Rule of Civil Procedure 12(b)(6). *Id.* at *3. The plaintiffs then filed a motion for leave to file a second amended complaint and a motion to amend the scheduling order. *Id.* at *3. The Court denied the motions to amend, and, four days later, the

---

[4] Defendant also relies on *Clements v. Airport Authority*, 69 F.3d 321, 327 (9th Cir. 1995), for the proposition that claim preclusion bars "some claims that were never before adjudicated." *Clements* is inapposite. Although the opinion discusses res judicata and claim preclusion, the court never conducted a full claim preclusion analysis. Ultimately, the court held that claim preclusion did not bar plaintiffs' claims because the defendant in the second action waived the defense. *Id.* at 330. Even had *Clements* reached the claim preclusion issue, it would be distinguishable because the prior judgement was a state supreme court decision that clearly was on the merits. *Id.* at 327.

plaintiffs filed a second action asserting additional claims against the same defendants in the first action, plus three new defendants. *Id.* at *4. The Court consolidated the actions and defendants moved for dismissal of the second complaint on grounds of duplicity. *Id.* The Court granted the motion, holding that the plaintiffs' second action was improperly duplicative. *Id.* at *11. The plaintiffs' complaints arose from the same causes of action and requested the same relief, and the defendants in both actions were in privity. *Id.* at *10-12. Furthermore, the Court saw the plaintiffs' second complaint as merely "an attempt to avoid the consequences of their own delay and to circumvent the Court's denial of their untimely motion to amend." *Id.* at *12.

*Estrada* was based on the theory of duplicative litigation, not res judicata. Final adjudication on the merits of the first action is not a concern in duplicative litigation. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) (borrowing "same cause of action" and "same parties or privies" elements from res judicata). The duplicative litigation doctrine prevents plaintiffs from maintaining "two separate actions involving the same subject matter at the same time in the same court and against the same parties." *Id.* at 688 (internal quotations omitted). If a court adjudicated the first action on the merits, the theory for barring a second claim would be claim preclusion and a duplicative litigation defense would be unnecessary.[5]

In the case at bar, there is no other pending litigation. The Court dismissed *Long I* without prejudice. The Court never dismissed the first action in *Estrada* and it was clear that the second action – filed only four days after the denial – was intended solely to bring the claims that would have been added had the Court not denied the plaintiffs' motion for leave to amend. The ongoing litigation in *Estrada* led the Court to conclude that plaintiffs in that case were attempting to "circumvent the Court's denial of their untimely motion to amend." *Estrada*, 2008 WL 3286112, at *12. Here, there is no ongoing litigation.

---

[5] Defendant affirmatively raises a duplicative litigation defense for the first time in its reply brief. Dkt. #19 at 5. Defenses raised for the first time in a reply brief are deemed waived. *Delgadillo v. Woodward*, 527 F.3d 919, 930 n.4 (9th Cir. 2008). The Court therefore will not consider Defendant's new argument.

Defendant's other authority on this issue is not to the contrary. *See Adams*, 487 F.3d at 694; *King v. Hoover*, 958 F.2d 219, 222-23 (8th Cir. 1992). *Adams*, like *Estrada*, was based on duplicative litigation, not res judicata. *See Atl. Recording Corp. v. Andersen*, No. CV-05-933-AS, 2008 WL 151825, at *1-2 (D. Or. Jan. 14, 2008) (distinguishing *Adams* because plaintiff was not pursuing duplicative litigation and had not had the opportunity to litigate claims against current defendant). *King* precluded claims that were brought previously by the same plaintiff, against the same defendant, arising from the same cause of action, that were dismissed on summary judgment. *King*, 958 F.2d at 222. In dicta, *King* noted that, in the initial suit, plaintiff was denied leave to amend his complaint following summary judgment. *Id.* In extremely broad language, the court remarked that "denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *Id.* at 222-23. While this language appears to support Defendant's contentions, it too is inapposite.

First, the denial of leave to amend discussed in *King* followed a successful motion for summary judgment, which constitutes an adjudication on the merits. *Id.* at 222. The plaintiff in *King* tried to assert new claims following summary judgment, but the court barred those claims because they merged with the dismissed claims. *Id.*

Second, other courts have declined to follow the broad dicta of *King*. *See N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88-89 (2d Cir. 2000) (refusing to give denial of leave to amend preclusive effect because denial was only res judicata as to defendant in initial action); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139-40 (2d Cir. 2000) (refusing to give denial of leave to amend preclusive effect because plaintiff did not have prior opportunity to bring current claims); *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373 (8th Cir. 1997) (refusing to give denial of leave to amend preclusive effect because denial did not constitute adjudication on the merits). As the court in *Square D* noted, "the actual decision denying leave to amend is irrelevant to the claim preclusion analysis." *Square D*, 201 F.3d at 88. The principles of res judicata apply regardless of whether the claimed adjudication on the merits resulted from a denial of leave to amend. *Id.*

**C.  Sean McKnight's Claims.**

Defendant argues that Sean McKnight's claims should be barred because he never pursued his claims against AUS in *Long I* and, instead, dismissed himself after settling with Ford Motor Company and Continental Tire.  The Court is not persuaded.  Had Sean pursued the claims against AUS, as did his co-plaintiffs, he would not now be barred from bringing suit against VSSI.  Dismissal of his claims against AUS did not constitute adjudication of those claims on the merits.  His current claims against VSSI therefore are not barred.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #10) is **denied**.

2. The Court will set a scheduling conference by separate order.

DATED this 26th day of February, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge