**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Long, the surviving father of Cynthia Jo Johnson, deceased, as Guardian and/or next best friend of minors, Christopher Dean Johnson and Sean McKnight; Cherish Leighan Rogers, <br><br> Plaintiffs, <br><br> vs. <br><br> TRW Vehicle Safety Systems, Inc., a foreign corporation, <br><br> Defendant. | No. CV-09-2209-PHX-DGC <br><br> **ORDER** |

      The parties agree that a protective order is needed in this case. Dkt. #26 at 18. As required by the Court (Dkt. #28 at 5), the parties have filed memoranda on whether the protective order should contain a sharing provision (Dkt. ##31, 32). Plaintiffs assert that sharing provisions are consistent with the scope and purpose of the Federal Rules of Civil Procedure, that is, "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendant argues that a sharing provision would not adequately protect the confidential and proprietary nature of the information subject to the protective order.

      This Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). A collateral litigant, however, "should not be granted automatic access to a defendant's confidential documents." *Kelly v. Provident Life & Accident Ins. Co.*,

No. 04-CV-0807-WQH (JMA), 2008 WL 5132851, at *3 (S.D. Cal. Dec. 5, 2008). "[T]he collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz*, 331 F.3d at 1132. This relevance requirement "prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." *Id.*

In applying these principles, the court that entered the protective order must "satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Id.* That court also "must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* at 1113. Disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral court. *Id.*

Plaintiffs seek to circumvent all of these principles and procedures by including, in the first instance, a sharing provision in the protective order to be entered in this case. Stated differently, Plaintiffs seek the ability to share confidential and proprietary material discovered in this case "with collateral litigants without needing to seek to modify the protective order and obtain a relevance determination from the Court, and without requiring the collateral courts to resolve any disputes which may arise with respect to the discoverability of the materials in the collateral cases." *Kelly*, 2008 WL 5132851, at *2. Plaintiffs' request for the entry of a sharing protective order, therefore, will be denied. *See id.* at *3-4; *Wilson v. Rolls-Royce Motor Cars, Inc.*, Civ. No. 93-1073-FR, 1994 WL 398347, at *2 (D. Or. July 22, 1994).

The Court recognizes that collateral litigants generally have the right of access to public records and documents, *see Pintos v. Pacific Creditors Association*, 565 F.3d 1106, 1115 (9th Cir. 2009), and that the fruits of pretrial discovery are presumptively public, *see San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). This general right of access, however, is trumped where the defendant establishes good cause to protect discovery materials. *See* Fed. R. Civ. P. 26(c)(1); *San Jose Mercury News*, 187

F.3d at 1103. The sharing of discovery will not be forever precluded by the entry of a non-sharing protective order. "Rather, collateral litigants desiring any discovery produced pursuant to the protective order will simply have to go through the appropriate steps to obtain that discovery, as set forth in *Foltz*." *Kelly*, 2008 WL 5132851, at *3.

**IT IS ORDERED**

1. Plaintiffs' motion for entry of a sharing protective order (Dkt. #31) is **denied**.
2. Defendant's motion for entry of a non-sharing protective order (Dkt. #32) is **granted**.
3. By **May 14, 2010**, the parties shall lodge a stipulated proposed non-sharing protective order, and Defendant shall file a memorandum of five pages or less establishing good cause for the entry of that protective order. The stipulated protective order should comply with LRCiv 5.6.

DATED this 29th day of April, 2010.

_____
David G. Campbell
United States District Judge